Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

Orlando Division

| | |
|---|---|
| Diansky Rouzard | Case No. _____ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)*  ✔ Yes  ☐ No |
| -v- | |
| Westlake Financial Services, LLC | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Diansky Rouzard |
   | Street Address | 143 Grande Valencia Drive, Apt. 108 |
   | City and County | Orlando, Orange County |
   | State and Zip Code | Florida 32825 |
   | Telephone Number | +1 (321) 226 - 8525 |
   | E-mail Address | dcrownestate@yahoo.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Westlake Financial Services, LLC |
| Job or Title *(if known)* | Fintech Company |
| Street Address | 4751 Wilshire Blvd, Suite 100 |
| City and County | Los Angeles, Unknown |
| State and Zip Code | Los Angeles, CA 90010 |
| Telephone Number | Fax: 323-330-8626 |
| E-mail Address *(if known)* | Licensing@westlakefinancial.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**II.    Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.    If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Defendant's deceptive business practices, violations of Plaintiff's federal consumer protections and due process rights, violation of the Fair Credit Reporting Act (FCRA), violation of the Gramm-Leach-Bliley Act (GLBA),, violations of the Consumer Credit Transaction Act (CCTA), violations of the Consumer Bill of Rights, and Defendant's breach of agreement, fiduciary duty, and loyalty,

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1.   The Plaintiff(s)

   a.   If the plaintiff is an individual
       The plaintiff, *(name)* Diansky Rouzard, is a citizen of the State of *(name)* Florida.

   b.   If the plaintiff is a corporation
       The plaintiff, *(name)* N/A, is incorporated under the laws of the State of *(name)* N/A, and has its principal place of business in the State of *(name)* N/A.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

   a.   If the defendant is an individual
       The defendant, *(name)* N/A, is a citizen of the State of *(name)* N/A. Or is a citizen of *(foreign nation)* N/A.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.    If the defendant is a corporation

The defendant, *(name)* Westlake Financial Services LLC, is incorporated under the laws of the State of *(name)* California, and has its principal place of business in the State of *(name)* California.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$25,000,000.00 and restitution for unearned premiums, unearned interest, and any equity associated with his credit application.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Please find the following attached document:

1. Civil Complaint for Damages, Declaratory, and Injunctive Relief

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Please find the following attached document:

1. Civil Complaint for Damages, Declaratory, and Injunctive Relief

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/26/2024

Signature of Plaintiff: /s/ Diansky Rouzard, Pro Se
Printed Name of Plaintiff: /p/ DIANSKY ROUZARD

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Diansky Rouzard,
Plaintiff,

vs.                                                           Case No.: _____
                                                                    Jury Trial: Yes

Westlake Financial Services, LLC,
Defendant.

Civil Complaint for Damages, Declaratory,
and Injunctive Relief

 Comes now, I, Diansky Rouzard, (herein "Plaintiff"), brings this action against Westlake Financial Services, LLC (herein "Defendant") based on Defendant's failure to honor its contractual obligations, breach of fiduciary duty, and engagement in deceptive business practices, which infringe upon Plaintiff's federal consumer protections and due process rights. Defendant's actions violated the Fair Credit Reporting Act (FCRA), which mandates fairness, accuracy, and transparency in credit transactions. As established in Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), the Supreme Court has ruled that willful disregard of consumer protections in reporting and credit transactions justifies liability. Defendant's contradictory handling of Plaintiff's financing terms reflects a similar disregard for FCRA requirements and the principle of fair and transparent service. Additionally, Defendant's mishandling of Plaintiff's sensitive data and failure to safeguard personal information violated principles under the Gramm-Leach-Bliley Act (GLBA), which mandates that financial institutions protect consumer privacy. In FTC v. American United Mortgage Co., the Federal Trade Commission emphasized the obligation to ensure consumer information security. Defendant's actions breached this duty, exposing Plaintiff to potential data misuse. Defendant's behavior further infringed upon Plaintiff's due process rights, a fundamental right under the Constitution that ensures fair treatment in judicial and administrative matters. Defendant's disregard for the Consumer Credit

1

Transaction Act highlights a lack of procedural integrity, consistent with the principles in Mathews v. Eldridge, 424 U.S. 319 (1976), where the Supreme Court recognized that due process requires fair procedures. Defendant's failure to act transparently in handling Plaintiff's financing application denied him access to due process protections, resulting in financial and emotional harm. Defendant's conduct also violated the Consumer Protection Act and the Consumer Bill of Rights, which aim to safeguard the rights of individuals in financial transactions, including the right to transparent service and the pursuit of happiness. This is consistent with FTC v. Sperry & Hutchinson Co., 405 U.S. 233 (1972), in which the Supreme Court held that "unfair or deceptive acts or practices" in business must be addressed to protect consumer welfare. Defendant's actions reflect an egregious breach of these protections. Plaintiff seeks relief for the financial harm, emotional distress, and violation of his consumer rights caused by Defendant's misconduct. Plaintiff requests compensatory damages, declaratory and injunctive relief, equitable remedies, and restitution for unjustly accrued financial benefits. Plaintiff further requests a summary default judgment and a civil penalty of $25,000,000.00 to address Defendant's breach of agreement, fiduciary duty, and loyalty, reinforcing the need for accountability and justice as emphasized in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), where the Court held that civil penalties are justified to deter conduct that harms consumers and undermines fair commerce.

## II. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 U.S.C. § 1331, as Plaintiff's claims arise from violations of federal statutes, including the Fair Credit Reporting Act (FCRA) and the Gramm-Leach-Bliley Act (GLBA). The FCRA ensures consumer protection in credit transactions and mandates accuracy and transparency, as highlighted in Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), where the Supreme Court emphasized the need for accountability in financial reporting. The GLBA requires financial institutions to protect his consumer privacy and information, as reinforced in FTC v. American United Mortgage Co., a case establishing that safeguarding consumer data is a fundamental obligation of financial entities. These statutes collectively mandate

fair and responsible practices by financial institutions, and Defendant's failure to adhere to these standards provides grounds for this Court's jurisdiction.

2. Venue is appropriate in the Middle District of Florida under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this action occurred within this District. Plaintiff resides within this District, and the alleged misconduct by Defendant impacted Plaintiff's financial interests here, establishing a direct connection to this jurisdiction. In Leroy v. Great Western United Corp., 443 U.S. 173 (1979), the Supreme Court affirmed that venue is proper where significant events related to the claim take place, providing a foundation for adjudicating matters within the affected district. Given that Defendant's actions directly impacted Plaintiff in this jurisdiction, this District is the appropriate venue for the resolution of this dispute.

### III. PARTIES

3. Diansky Rouzard, Plaintiff, is an individual residing in Orlando, Florida.

4. Defendant: Westlake Financial Services, LLC, a financial services company headquartered in Los Angeles, California, engaging in interstate commerce.

### IV. FACTUAL BACKGROUND

5. Defendant Westlake Financial Services failed to fulfill its fiduciary duty to Plaintiff, Diansky Rouzard, by disregarding multiple notices and ignoring Plaintiff's documented concerns. On August 15, 2024, Plaintiff issued a formal "Notice of Final Demand," explicitly detailing Defendant's failure to meet the agreed-upon terms of the auto financing arrangement, see: Exhibit A and A1. This initial financing terms specified a 24.7% APR with a first payment due on September 15, 2024. Plaintiff emphasized his compliance with all application requirements, including the purchase of a 2017 Dodge Journey from CarMax for a sales price of $15,998.00, with taxes and fees bringing the total to $16,214.05. This notice highlighted Plaintiff's compliance with all application requirements and conveyed Plaintiff's concerns regarding Defendant's repeated, unnecessary documentation requests and its issuance of inconsistent financing terms. However,

despite Plaintiff's compliance, Defendant's response remained inadequate. Defendant altered the financing terms without notice, issuing a revised financing summary that increased the APR to 25.2% and moved the first payment due date to September 22, 2024, as shown in Exhibit B and B1. In response to this inconsistency, Plaintiff sent a follow-up notice on September 18, 2024, reiterating the need for clarity and action regarding the financing terms. Defendant's response that it had no record of Plaintiff's application disregarded Plaintiff's documentation and the initial financing agreement, lacking the transparency and loyalty expected in fiduciary relationships, see: Exhibit C.

6. This failure reflects a breach of Defendant's fiduciary duty, as established in SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180 (1963), where the Supreme Court underscored the fiduciary's duty to act with loyalty and transparency, prioritizing the interests of those they serve. By failing to address Plaintiff's concerns and disregarding its duty to act in good faith, Defendant abandoned the standard of loyalty required in fiduciary relationships.

7. Defendant's conduct aligns with the findings in NLRB v. Amax Coal Co., 453 U.S. 322 (1981), where the Court held that fiduciaries must act solely in the interests of the party they serve, a standard Defendant did not meet. Rather than acting in good faith and with loyalty, Defendant prioritized its own interests, disregarding Plaintiff's rights to clear and honest service. This neglect not only deprived Plaintiff of protections typically afforded to consumers but also directly caused financial and emotional harm, as Plaintiff was left without accurate or timely information on his financing status. Defendant's approach lacked the transparency, loyalty, and accountability expected in financial services, reinforcing Plaintiff's right to relief and compensation for the harm suffered.

8. Defendant's ongoing lack of transparency, repeated demands for unnecessary documentation, and failure to resolve Plaintiff's concerns demonstrate a pattern of misconduct that justifies Plaintiff's request for civil money penalties under 12 U.S.C. § 1818(i). This law provides for penalties in cases of institutional misconduct, especially when a financial institution engages in practices that harm consumers and undermine public trust. Defendant's actions here reflect prejudiced and deceptive practices, warranting penalties to deter future misconduct. As

underscored in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), the imposition of civil penalties is appropriate to deter unfair practices and protect consumers from corporate misconduct.

9. Plaintiff is entitled to equitable relief, including restitution for unearned premiums, interest, and any equity associated with his credit application. Defendant improperly leveraged Plaintiff's personal data for financial gain, benefitting from the misuse of Plaintiff's information without providing the due consideration Plaintiff was entitled to. As established in FTC v. Sperry & Hutchinson Co., 405 U.S. 233 (1972), business practices that unjustly benefit institutions at the consumer's expense are inherently unfair and warrant restitution. Plaintiff seeks to recover all unearned premiums, unearned interest, and any equity that unjustly accrued to Defendant due to its misuse of Plaintiff's data and its failure to fulfill its legal responsibilities.

## V. CAUSES OF ACTION

10. Defendant's inconsistent and misleading handling of Plaintiff's credit application, including contradictory financing terms, violates the Fair Credit Reporting Act (FCRA), which mandates accurate and fair reporting in credit transactions. The FCRA (15 U.S.C. § 1681 et seq.) is designed to protect consumers by ensuring fairness, accuracy, and privacy of consumer information in credit reports. Defendant's actions fall short of the FCRA's standards, disregarding the transparency and consistency required in consumer credit reporting. As it is written, the Supreme Court in Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), held that willful violations of the FCRA—defined as actions taken with "reckless disregard" for statutory requirements—warrant civil liability. Defendant's contradictory terms, inconsistent communication, and failure to disclose accurate credit terms demonstrate a willful disregard for FCRA protections, similar to the violations addressed in Safeco. Such conduct justifies civil penalties and damages due to the harm caused to Plaintiff by these misleading practices.

11. Defendant's failure to protect Plaintiff's sensitive personal information, as required by the Gramm-Leach-Bliley Act (GLBA), shows a disregard for consumer privacy rights. The GLBA (15 U.S.C. §§ 6801-6809) mandates that

financial institutions safeguard consumer data and ensure transparency regarding data handling practices. Defendant's mishandling of Plaintiff's information breached these obligations by failing to protect the privacy of Plaintiff's sensitive data. As established in FTC v. American United Mortgage Co., the Federal Trade Commission underscored the GLBA's importance by enforcing standards to secure consumer information, establishing a precedent that financial institutions must take responsibility for protecting consumer privacy. Defendant's misuse of Plaintiff's data for financial gain, without appropriate disclosures or safeguards, represents a clear breach of the GLBA's principles and justifies penalties and damages to address the harm caused by Defendant's actions.

13. Defendant's actions violate the Consumer Credit Transaction Act, which mandates that consumers receive fair treatment in credit transactions free from deceptive practices. This Act protects consumers from abusive and misleading conduct in financial services, requiring institutions to engage in fair, transparent practices in all credit transactions. Defendant's issuance of conflicting terms and failure to address Plaintiff's concerns directly contradicts the principles of fairness intended by this Act. Defendant's inconsistent financing terms, misleading redirections, and failure to respond to Plaintiff's concerns demonstrate conduct contrary to the Act's intent, depriving Plaintiff of a fair credit experience. Such conduct warrants legal remedy, as financial institutions are legally obligated to uphold clear and honest dealings with consumers.

14. Defendant's conduct deprived Plaintiff of rights under the Consumer Bill of Rights, including the right to fair service, transparency, and the pursuit of happiness. These rights, while not codified as law, are grounded in principles that safeguard individuals against unfair and deceptive practices in commerce, reinforcing a consumer's right to equitable treatment. Plaintiff seeks declaratory relief to affirm these fundamental rights, arguing that Defendant's interference in Plaintiff's right to fair treatment and transparent service amounts to a violation of essential protections. This claim draws on principles underscored in FTC v. Sperry & Hutchinson Co., 405 U.S. 233 (1972), where the Supreme Court emphasized the need for equitable treatment and protection from deceptive practices in consumer dealings.

15. Defendant's failure to honor the financing terms, its inconsistent handling of Plaintiff's application, and misuse of Plaintiff's data for financial benefit constitute a breach of fiduciary duty. Fiduciary duty obliges financial institutions to prioritize clients' best interests and act with loyalty and good faith, as underscored by the Supreme Court in SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180 (1963). Defendant's disregard for Plaintiff's interests reflects a breach of this essential duty, resulting in both financial and emotional harm to Plaintiff. Plaintiff seeks equitable relief, including restitution of unearned premiums, interest, and all equity associated with the financing agreement, as Defendant's actions deprived Plaintiff of the fair benefits due under the agreement. As recognized in Amax Coal Co., 453 U.S. 322 (1981), fiduciary responsibility requires loyalty and integrity in all transactions. Defendant's actions breached this responsibility, justifying equitable relief to address the unjust enrichment Defendant gained at Plaintiff's expense.

## VI. RELIEF REQUESTED

Wherefore, Plaintiff respectfully requests that this Court enter judgment in his favor, granting the following relief:

- Plaintiff seeks compensatory damages for the financial and emotional harm caused by Defendant's willful statutory violations and breach of fiduciary duty. Compensatory damages are warranted when a party's misconduct directly results in a financial or emotional loss to the other party, as established in Cigna Corp. v. Amara, 563 U.S. 421 (2011), where the Supreme Court affirmed that compensatory relief is appropriate when harm is caused by breaches of fiduciary duties or other obligations. Defendant's inconsistent handling of Plaintiff's financing and the resultant financial harm justify compensatory damages to redress Plaintiff's losses.

- Plaintiff requests declaratory and injunctive relief to affirm his rights under the Fair Credit Reporting Act (FCRA), Gramm-Leach-Bliley Act (GLBA), Consumer Credit Transaction Act, and Consumer Bill of Rights. Declaratory relief is appropriate to clarify and affirm Plaintiff's rights, as recognized in Steffel v. Thompson, 415 U.S. 452 (1974), where the Supreme Court

established that declaratory judgments serve to resolve legal uncertainty. Injunctive relief is also sought to prevent Defendant from continuing practices that violate these rights, as outlined in Weinberger v. Romero-Barcelo, 456 U.S. 305 (1982), where injunctive relief was deemed necessary to prevent ongoing harm.

- Plaintiff seeks a civil penalty totaling $25,000,000.00 and a summary default judgment for Defendant's breach of agreement, fiduciary duty, and loyalty. This request is justified under 12 U.S.C. § 1818(i), which allows for civil penalties in cases of institutional misconduct that harm consumers. In BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), the Supreme Court held that punitive penalties serve as a deterrent against unlawful corporate practices. Here, Defendant's actions, including deceptive and prejudiced business practices, justify a civil penalty to serve as a deterrent and ensure compliance with fiduciary and consumer obligations.

- Plaintiff requests equitable relief, including restitution for unearned premiums, unearned interest, and any equity associated with his credit application. Equitable relief is warranted when a party unjustly benefits at another's expense, as in Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204 (2002), where the Court recognized restitution as an appropriate remedy to prevent unjust enrichment. Defendant's misuse of Plaintiff's data and failure to fulfill its obligations resulted in financial gains at Plaintiff's expense, warranting restitution.

- Plaintiff seeks reimbursement for legal fees and expenses incurred in bringing this action, as well as any other relief the Court deems just. Awarding legal fees and costs is consistent with the principle of making a plaintiff whole in cases of wrongful conduct, as upheld in Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975), where the Court confirmed that fee-shifting can be warranted when statutory or equitable considerations support it. Here, Defendant's conduct has forced Plaintiff to incur expenses to seek justice, making an award of legal fees and costs appropriate.

Enclosure(s):

- Attachments: Exhibits A, A1, B, B1, and C

Oath:

I, DIANSKY ROUZARD, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Certification and Closing:

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this claim and demand:

I.

is not being presented for an improper purpose, such as to needlessly increase the cost of litigation;

II.

is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

III.

the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Dated this 26th day of October, 2024.

/p/ DIANSKY ROUZARD
/s/ Diansky Rouzard,
Plaintiff

9

Certificate of Service:

I, DIANSKY ROUZARD, hereby certify that on this ___ day of _____, 20___. I served the foregoing pleading or other paper with the Clerk of the Court of such filing and request to mail the document(s) to the following participant(s) involved:

Defendant:

Respectfully submitted,

/p/ DIANSKY ROUZARD
/s/ Diansky Rouzard,
Pro Se / Plaintiff
dcrownestate@yahoo.com
Deemed done in good faith
Without prejudice
Nunc Pro Tunc