# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DIANSKY ROUZARD,**

      **Plaintiff,**

**v.**
                                     **Case No.:  6:24-cv-1934-WWB-NWH**

**WESTLAKE FINANCIAL
SERVICES, LLC,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court on *pro se* Plaintiff Diansky Rouzard's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), construed as a Motion to Proceed *in forma pauperis* ("Motion") (Doc. 31). For the reasons set forth below, the undersigned respectfully recommends that the Motion be denied and that Plaintiff's Amended Complaint be dismissed without prejudice.

## BACKGROUND

Plaintiff sues Defendant Westlake Financial Services, LLC ("Defendant"), alleging that it failed to finance a vehicle that Plaintiff intended purchase pursuant to the parties' agreed-upon terms. (*See* Doc. 30). Plaintiff initiated this lawsuit on October 28, 2024, and he filed an initial Motion to Proceed *in forma pauperis* with his Complaint. (*See* Docs. 1, 2). On February 27, 2025, United States Magistrate Judge David A. Baker issued a Report recommending that the Court deny Plaintiff's initial

Motion to Proceed *in forma pauperis* and dismiss his Complaint without prejudice. (Doc. 20). The Court adopted Judge Baker's Report and Recommendation over Plaintiff's Objection on August 4, 2025, and permitted Plaintiff to file an amended pleading. (Doc. 29). Specifically, the Court agreed "entirely with Magistrate Judge Baker's conclusion that the Complaint is an impermissible shotgun pleading." (*Id.* at 3). Shortly thereafter, Plaintiff filed an Amended Complaint and the instant Motion. (Docs. 30, 31).

## LEGAL STANDARD

A plaintiff may be allowed to proceed *in forma pauperis* if the plaintiff declares in an affidavit that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*. *See id.*

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, the Supreme Court has cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly

2

baseless. *See id.* at 327. If a more carefully drafted complaint might state a claim, a *pro se* plaintiff should be given at least one chance to amend the complaint before the Court may dismiss it with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. Fed. R. Civ. P. 8(a). Although district courts apply a "less stringent standard" to pleadings submitted by *pro se* plaintiffs, they must still comply with the procedural rules and allege the essential elements of their claims for relief. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

## DISCUSSION

Upon review of Plaintiff's Motion to Proceed *in forma pauperis*, it is likely that Plaintiff qualifies as a pauper pursuant to § 1915(a)(1). Regardless of whether Plaintiff qualifies financially, however, the undersigned **recommends** dismissing Plaintiff's Complaint under Federal Rule of Civil Procedure 12(h)(3) because Plaintiff has failed to sufficiently establish that the Court has subject matter jurisdiction over this action.

Federal courts are courts of limited jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution and which have been entrusted to them by a jurisdictional grant authorized by Congress. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). A federal

3

court is powerless to act without jurisdiction, and this requires the court to inquire into whether it has jurisdiction at the earliest possible stage in the proceedings. *Id.* at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.*

In his Amended Complaint, Plaintiff alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1331 "because the case presents federal questions." (Doc. 30, ¶ 4; *see id.* at 12). Specifically, Plaintiff asserts that his claims "arise under the Constitution and laws of the United States, including federally protected rights related to contract performance, due process, and exhaustion of administrative remedies." (*Id.*, ¶ 4). Plaintiff also states that jurisdiction is proper under: (1) 28 U.S.C. § 1343(a)(3) because "the Court has jurisdiction over actions to redress the deprivation of rights, privileges, or immunities secured by the Constitution and federal laws"; (2) 28 U.S.C. §§ 2201–2202 "for declaratory and injunctive relief"; and (3) 28 U.S.C. § 1367(a). (*Id.*, ¶ 5).

Despite Plaintiff's jurisdictional allegations, all but one of Plaintiff's claims arise under state law. (*See generally id.*). In his Amended Complaint, Plaintiff sues Defendant for breach of fiduciary duty (Count I), breach of contract (Count II), and negligence (Count III). (*Id.*). None of these claims provide a basis for federal question jurisdiction. *See Laurent v. U.S. Tr.*, 196 F. App'x 740, 743 (11th Cir. 2006).[1] Count IV, "for

---

[1] The Court appreciates that unpublished Eleventh Circuit opinions constitute persuasive, and not binding, authority.

Violation of Plaintiff's Federal Rights After Exhaustion of Administrative Remedies," is the only claim that even relates to federal law.

A district court has jurisdiction to hear a claim arising under federal law if the plaintiff's right "to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." *Bell v. Hood*, 327 U.S. 678, 685 (1946). "[A] federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; *or* (2) such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (citation and internal quotation marks omitted); *see also Laurent*, 196 F. App'x at 743 n.3. A claim is wholly insubstantial or frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Id.* (citation and internal quotation marks omitted).

In Count IV, Plaintiff states:

Plaintiff exercised his federal rights to fair dealing, due process, and meaningful redress by issuing three formal notices to Defendant prior to filing suit[.] . . . Defendant's continued inaction and refusal to perform violated Plaintiff's rights under federal law, including but not limited to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, as interpreted in Steffel v. Thompson, 415 U.S. 452 (1974), recognizing the right to seek declaratory relief where legal rights are threatened and McKart v. United States, 395 U.S. 185 (1969), exhaustion doctrine preserves judicial claims when administrative avenues are ignored.

(Doc. 30, ¶ 18).

Plaintiff's vague invocation of his "rights under federal law" appears to have been included solely for the purpose of obtaining jurisdiction, considering that this case arises from a dispute between two private parties related to Defendant's alleged failure to fulfill its financing obligations. Moreover, the Declaratory Judgment Act gives a federal court the power to declare the rights of parties in "a case of actual controversy *within its jurisdiction*." 28 U.S.C. § 2201(a) (emphasis added). "The Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1340 (11th Cir. 2018) (quoting *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 861–62 (11th Cir. 2008)) (alteration and internal quotation marks omitted). Rather, the Declaratory Judgment Act requires a plaintiff to allege facts showing the controversy is within the court's jurisdiction. *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1253 (11th Cir. 2003). A court must consider whether, absent the availability of declaratory relief, the case could still be brought in federal court. *Fastcase*, 907 F.3d at 1340. Considering that Plaintiff's claims in Counts I through III arise under Florida law, that is not the case here.

As a result, Count IV "for Violation of Plaintiff's Federal Rights After Exhaustion of Administrative Remedies" is due to be dismissed for lack of subject matter jurisdiction. Because Plaintiff has failed to allege a substantial, nonfrivolous federal claim, the Court lacks subject matter jurisdiction under § 1331 (as well as Plaintiff's other purported bases for subject matter jurisdiction). Consequently, the

undersigned recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims.

Ultimately, the undersigned recommends denying the instant Motion and dismissing Plaintiff's Amended Complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

## CONCLUSION

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that the Court:

1. **DENY** Plaintiff Diansky Rouzard's Motion to Proceed *in forma pauperis* (Doc. 31);

2. **DISMISS** the Amended Complaint (Doc. 30) **without prejudice** for lack of subject matter jurisdiction;

3. **DENY AS MOOT** Defendant Westlake Financial Services, LLC's Motion to Dismiss (Doc. 33); and

4. **PERMIT** Plaintiff to file a motion requesting leave to file a second amended complaint, which must comply with the Court's instructions and all applicable rules and law, within fourteen days from the date of the Court's Order.

## NOTICE TO PARTIES

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and

7

recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on September 10, 2025.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties

8